UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CRAIG LEE CAIN,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-277-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Craig Lee Cain, a prisoner without a lawyer, alleges that, after pleading guilty to a disciplinary offense (ISP 18-04-0370), the Disciplinary Hearing Board Chairperson, J. Anton, assessed restitution in the amount of $12,891.95 with no evidence to support the assessment. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Cain was charged with fighting in violation of Indiana Department of Correction Offense B212. He pleaded guilty to the offense and was sanctioned with three months of disciplinary segregation, a loss of telephone and commissary privileges, and restitution for medical charges in the amount of

$12,891.95. He appealed because he pleaded guilty to fighting *without causing serious bodily injuries* and there was no documentation suggesting that the other offender incurred medical bills in the amount of $12,891.95. His appeals were unsuccessful, and he then filed a petition for habeas corpus. That petition was dismissed because he didn't lose any earned credit time and wasn't demoted in credit class. Cain v. Warden, 3:20-CV-167-PPS-MGG (dismissed Feb. 27, 2020). He then filed this case pursuant to 42 U.S.C. § 1983.

To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. Superintendent, Mass Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Inmates have a protected property interest in the funds of their personal accounts. Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986). When an inmate alleges that a restitution order was not supported by any evidence, he states a claim under the Due Process Clause of the Fourteenth Amendment. *See* Tonn v. Dittmann, 607 Fed. Appx. 589 (7th Cir. 2015) ("Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim[.]").Mr. Cain may proceed against Mrs. J. Anton.

Mr. Cain has also named Warden Ron Neal as a defendant, but he hasn't explained now Warden Neal was involved in the decision to assess restitution. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Because he hasn't alleged facts suggesting that Warden Neal was personally involved in this decision, Mr. Cain can't proceed against him.

2

For these reasons, the court:

(1) GRANTS Gregory Lee Cain leave to proceed against Mrs. J. Anton in her individual capacity for compensatory punitive damages, for imposing a restitution of $12,891.95 in the absence of sufficient evidence, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Mrs. J. Anton at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant if he does not waive service and it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Mrs. J. Anton respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT